## Case No. 4,262.

ECHEVERRIA et al. v. BARNEY.

[5 Blatchf. 193.][1]

Circuit Court, S. D. New York. Nov. 14, 1863.

Sidney Webster, for plaintiffs.

E. Delafield Smith, Dist. Atty., for defendant.

NELSON, Circuit Justice. The duty paid and protested against was a discriminating duty of ten per cent. ad valorem, claimed to be authorized by the 3d section of the act of August 5, 1861 (12 Stat. 293). The 1st and 2d sections of that act impose certain duties on articles specially enumerated in each section. The 3d section provides, that "all articles, goods, &c., imported from beyond the Cape of Good Hope, in foreign vessels not entitled, by reciprocal treaties, to be exempt from discriminating duties, &c., and all other articles, goods, &c., not imported direct from the place of their growth or production, or in foreign vessels entitled by re-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

ciprocal treaties to be exempt from discriminating duties, &c., shall be subject to pay, in addition to the duties imposed by this act, ten per centum ad valorem."

It is admitted, that Spain has no such treaty as is mentioned in the section, and hence there is no difficulty in imposing this discrimination against her in all cases where the section applies. But no one of the articles in this importation except "lead in bars" is charged with a duty in the two preceding sections, or in any other section, of the act; and, therefore, the 3d section, imposing the ten per cent., according to its very terms, does not apply. The words are: "in addition to the duties imposed by this act, ten per centum ad valorem."

The 1st section imposes "on lead in pigs or bars" a duty of one dollar and fifty cents per one hundred pounds. The 3d section applies, therefore, to this article, the Spanish vessel not being exempt by treaty from the discrimination which, in addition to the above rate, charges it with the ten per cent. ad valorem.

Wool is charged with a duty, under the 12th section of the act of March 2, 1861 (12 Stat. 183), and goat skins and cotton are charged with duties under the 8th section of the act of July 14, 1862 (Id. 550). That section provides, that, from and after the 1st day of August, 1862, "in lieu of the duties heretofore imposed by law on the articles hereinafter mentioned, and on such as may now be exempt from duty, there shall be levied, &c., the following duties, &c.: on cotton, one half cent per pound;" "on hides, raw, and skins of all kinds, &c., ten per centum ad valorem." Before this, the duty on "raw hides and skins of all kinds" was five per cent., under the 10th section of the act of March 2, 1861 (12 Stat. 183); and, under the 23d section of the same act, cotton was free of duty. Whether, therefore, we look to the 3d section of the act of August 5, 1861, which subjects the articles, under the circumstances stated in the section, to a duty of ten per cent., in addition to that imposed by the act in the previous sections; or, to the 8th section of the act of July 14, 1862, which imposes the duty in lieu of the duties theretofore imposed by law, it is quite clear, that the discriminating duty in question does not apply to the articles of wool, goat skins, or cotton.

The difficulty appears to me insuperable, to undertake to apply the 3d section of the act of August 5, 1861, to the article of wool, which is subjected to duty under the act of March 2, 1861, or to the articles of goat skins and cotton, which are charged with duty under the act of July 14, 1862, when, by the very terms of such 3d section, the additional duty there imposed is in addition to the duty fixed by that act, of which the section is a part. If the language used had been, as in some of the sections of the act of July 14, 1862, "in addition to the duties heretofore imposed by law," or, if the section had used language, which has never yet been used, I think, in any tariff act, "in addition to the duties that may hereafter be imposed by law," the construction claimed by the government might very well be sustained. But no such language is used. On the contrary, the language is, as we have seen, "in addition to the duties imposed by this act."